IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff** | ) | No. 20-CR-80 KWR |
| vs. | ) | |
| | ) | |
| **JODIE MARTINEZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT'S UNOPPOSED MOTION TO CONTINUE

Jodie Martinez, Defendant, through undersigned counsel Assistant Federal Public Defender Mallory Gagan, moves the court to continue the jury trial scheduled for March 9, 2020, to continue the motions deadline set for February 11, 2020, and to vacate and reschedule all other deadlines and settings.

In support of this motion, counsel states:

1. At arraignment on January 22, 2020, Ms. Martinez pled not guilty to an indictment charging her with one count of involuntary manslaughter in violation of 18 U.S.C. §§ 1153 and 1112, and one count of assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 1153 and 113(a)(6).

2. Trial is now scheduled for March 9, 2020. Ms. Martinez requests a continuance of ninety days from the current setting in order to prepare for trial.

3. The defense received discovery on January 30, February 7, February 10, and February 19. Defense believes additional discovery may be forthcoming. This discovery contains

medical records. The defense may have to hire an expert to review these medical records. The defense is continuing a thorough review of this discovery.

4. The defense must conduct a thorough investigation into these matters. This investigation is ongoing and in its early stages. Defense counsel has a recognized duty to conduct a reasonable investigation. *See Strickland v. Washington*, 466 U.S. 668, 691, 104 S.Ct. 2052 (1984).

5. The defense requires additional time to prepare and file any necessary pretrial motions. Counsel cannot determine whether substantive pretrial motions are appropriate before a thorough discovery review and investigation. As these matters are ongoing, an extension of at least ninety days from the current deadline is requested.

6. Ms. Martinez's right to the effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare for trial, Ms. Martinez will be denied her right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940)).

7. Additionally, counsel believes it may be fruitful to discuss the possibility of a negotiated resolution in this matter. It may be in Ms. Martinez's best interest to explore whether this matter can be resolved short of trial. Defense counsel cannot engage in meaningful plea

negotiations or adequately advise Ms. Martinez before a thorough discovery review and completion of the defense investigation.

8. This continuance will not prejudice Ms. Martinez. It will allow counsel to prepare an effective defense and to attempt to negotiate a favorable plea bargain. Ms. Martinez understands the need for a continuance and her rights under the Speedy Trial Act, 18 U.S.C. § 3161, and respectfully requests that the court continue trial for ninety days from the current setting.

9. Undersigned counsel affirmatively states that granting this extension of time in which to file motions and a continuance of the trial will serve the ends of justice. *See United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *Zedner v. U.S.*, 547 U.S. 489, 504 (2006)). As part of its analysis, a Court must consider "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." *Toombs*, 574 F.3d at 1267 (10th Cir. 2009). Additional time in this matter will serve the ends of justice because it will allow the defense to review discovery, determine whether to hire experts, thoroughly investigate the case, and determine whether to file pretrial motions.

10. Additionally, a continuance will provide the parties time to discuss a possible negotiated resolution, which could materially benefit both the parties and the Court. This outweighs the public's interest in a speedy trial. The Federal Rules of Criminal Procedure, the Speedy Trial Act, and the Federal Rules of Evidence all contemplate the use of pre-trial resources in the effort to settle cases without trial. *See* Fed.R.Crim.P. 11(c); 18 U.S.C. § 3161(h)(1)(G);

Fed.R.Evid. 410. A continuance that aims to avoid an unnecessary trial and conserve judicial resources serves the purposes of the Speedy Trial Act. See *Connolly v. United States*, 2013 WL 530869 (D. N.J. Feb. 11, 2013) (unpublished) (waste of prosecutorial and judicial resources and delay in the trial of other cases is contrary to the objectives underlying the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*); *United States v. Stanton*, 94 F.3d 643 (4th Cir. 1996) (unpublished) ("it is also clear that the obvious reason the district court granted the motion was to conserve judicial resources by avoiding potential piecemeal litigation, and this justified an ends of justice finding under § 3161"); *United States v. Stradford*, 394 F.App'x 923, 927, 2010 WL 3622995 (3rd Cir. 2010) (unpublished) (affirming the grant of a continuance for several reasons including time to discuss plea negotiations and the continuance would likely conserve judicial resources).

11. This motion is not predicated on congestion of the Court's docket.

12. Counsel for the government, Assistant United States Attorney Raquel Ruiz Velez, is not opposed to this motion to continue.

WHEREFORE, Ms. Martinez, through undersigned counsel, respectfully requests this Court continue the jury trial and motions deadline as set forth above.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489

*Electronically filed February 21, 2020*
/s/ Mallory Gagan
Assistant Federal Public Defender

4