IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff** | ) | No. 20-CR-80 KWR |
| vs. | ) | |
| | ) | |
| **JODIE MARTINEZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S UNOPPOSED MOTION TO CONTINUE**

Jodie Martinez, Defendant, through undersigned counsel Assistant Federal Public Defender Mallory Gagan, moves the court to continue the jury trial scheduled for July 13, 2020, to continue the motions deadline set for June 8, 2020, and to vacate and reschedule all other deadlines and settings.

In support of this motion, counsel states:

1. At arraignment on January 22, 2020, Ms. Martinez pled not guilty to an indictment charging one count of involuntary manslaughter in violation of 18 U.S.C. §§ 1153 and 1112, and one count of assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 1153 and 113(a)(6).

2. Trial is now scheduled for July 13, 2020. Ms. Martinez requests a continuance of thirty days from the current setting in order to prepare for trial.

3. The defense is continuing a thorough review of the discovery. The defense must also conduct a thorough investigation into these matters. This is ongoing. Defense counsel has a recognized duty to conduct a reasonable investigation. *See Strickland v. Washington*, 466 U.S. 668,

691, 104 S.Ct. 2052 (1984).

4. Conducting this investigation is complicated by the current COVID-19 coronavirus global health pandemic. As of June 23, 2020, the coronavirus has infected over 2.3 million people in the United States, leading to over 120,000 deaths.[1] On March 11, 2020, the World Health Organization officially classified COVID-19 as a pandemic.[2] New Mexico Governor Lujan-Grisham declared a State of Emergency on March 11, 2020,[3] and has subsequently issued various directives closing and restricting businesses, discouraging travel, and limiting group gatherings. As of June 23, 2020, there are 10,838 cases in New Mexico and 476 deaths.[4] Although many states are "reopening," cases are rising in a number of states.[5]

5. The Zuni reservation, where the events leading to charges occurred, is under daily curfew.[6] It would be patently unsafe to travel to the Zuni reservation for many investigative purposes at this time.

6. The defense requires additional time to prepare and file any necessary pretrial motions. Counsel cannot determine whether substantive pretrial motions are appropriate before a thorough discovery review and investigation. As these matters are ongoing, a continuance of the substantive pretrial motions deadline is requested.

---

[1] *Coronavirus Map: Tracking the Spread of the Outbreak*, The New York Times (June 23, 2020), *at* https://nyti.ms/2U4kmud (updating regularly).
[2] *WHO Characterizes COVID-19 as a Pandemic*, World Health Organization (March 11, 2020) *at* https://bit.ly/2W8dwpS.
[3] https://www.governor.state.nm.us/2020/03/11/updated-governor-department-of-health-announce-first-positive-covid-19-cases-in-new-mexico/
[4] https://cv.nmhealth.org/
[5] *Coronavirus Map: Tracking the Spread of the Outbreak*, The New York Times (June 23, 2020), *at* https://nyti.ms/2U4kmud (updating regularly).
[6] http://www.ashiwi.org/

7. Ms. Martinez's right to the effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare, Ms. Martinez will be denied her right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

8. Additionally, the parties are engaged in plea negotiations. The parties believe this matter may resolve by negotiated resolution, which would conserve limited prosecutorial and Court resources, and which could benefit Ms. Martinez by providing her a more favorable outcome. This outweighs the public's interest in a speedy trial. The Federal Rules of Criminal Procedure, the Speedy Trial Act, and the Federal Rules of Evidence all contemplate the use of pre-trial resources in the effort to settle cases without trial. *See* Fed.R.Crim.P. 11(c); 18 U.S.C. § 3161(h)(1)(G); Fed.R.Evid. 410. A continuance that aims to avoid an unnecessary trial and conserve judicial resources serves the purposes of the Speedy Trial Act. See *Connolly v. United States*, 2013 WL 530869 (D. N.J. Feb. 11, 2013) (unpublished) (waste of prosecutorial and judicial resources and delay in the trial of other cases is contrary to the objectives underlying the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*); *United States v. Stanton*, 94 F.3d 643 (4th Cir. 1996) (unpublished) ("it is also clear that the obvious reason the district court granted the motion was to

conserve judicial resources by avoiding potential piecemeal litigation, and this justified an ends of justice finding under § 3161"); *United States v. Stradford*, 394 F.App'x 923, 927, 2010 WL 3622995 (3rd Cir. 2010) (unpublished) (affirming the grant of a continuance for several reasons including time to discuss plea negotiations and the continuance would likely conserve judicial resources).

9. This continuance will not prejudice Ms. Martinez. It will allow counsel to prepare an effective defense and to attempt to negotiate a favorable plea bargain. Ms. Martinez understands the need for a continuance and her rights under the Speedy Trial Act, 18 U.S.C. § 3161, and respectfully requests that the court continue trial for thirty days.

10. Undersigned counsel affirmatively states that granting this extension of time in which to file motions and a continuance of the trial will serve the ends of justice. *See United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *Zedner v. U.S.*, 547 U.S. 489, 504 (2006)). As part of its analysis, a Court must consider "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." *Toombs*, 574 F.3d at 1267 (10th Cir. 2009). Additional time in this matter will serve the ends of justice because it will allow the defense to review discovery, thoroughly investigate the case, and determine whether to file pretrial motions.

11. Additionally, a continuance will provide the parties time to discuss a possible negotiated resolution, which could materially benefit both the parties and the Court.

12. This motion is not predicated on congestion of the Court's docket.

13. Counsel for the government, Assistant United States Attorney Raquel Ruiz Velez, is not opposed to this motion to continue.

WHEREFORE, Ms. Martinez, through undersigned counsel, respectfully requests this Court continue the jury trial and motions deadline as set forth above.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489

*Electronically filed June 24, 2020*
/s/ Mallory Gagan
Assistant Federal Public Defender