FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 03 2020

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 20-CR-0080 KWR |
| ) | |
| JODIE MARTINEZ, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, JODIE MARTINEZ, and the Defendant's counsel, Mallory Gagan:

### REPRESENTATION BY COUNSEL

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The Defendant further understands the Defendant's rights:

    a. to plead not guilty, or having already so pleaded, to persist in that plea;

    b. to have a trial by jury; and

    c. at a trial:

        1) to confront and cross-examine adverse witnesses,

        2) to be protected from compelled self-incrimination,

    3)  to testify and present evidence on the Defendant's own behalf, and

    4)  to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

  3.  The Defendant agrees to waive these rights and to plead guilty to Count 2 of the indictment, charging a violation of 18 U.S.C. §§ 1153, 113(a)(6), that being assault resulting in serious bodily injury.

## SENTENCING

  4.  The Defendant understands that the maximum penalty provided by law for this offense is:

    a.  imprisonment for a period of not more than ten years;

    b.  a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

    c.  a term of supervised release of not more than three years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

    d.  a mandatory special penalty assessment of $100.00; and

    e.  restitution as may be ordered by the Court.

5. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

6. The parties are aware that the Court will decide whether to accept or reject this plea agreement. The Court may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw the defendant's plea of guilty.

7. Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## ELEMENTS OF THE OFFENSE

8. If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for a violation of the charge listed below:

Count 2: 18 U.S.C. §§ 1153 and 113(a)(6), that being, assault resulting in serious bodily injury

*First*: Defendant knowingly assaulted the victim;

*Second*: the assault caused the victim serious bodily injury;

*Third*: Defendant is an Indian; and

*Fourth*: the crime occurred in Indian Country.

3

## DEFENDANT'S ADMISSION OF FACTS

9. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

On or about July 6, 2019, in Indian Country, in McKinley County, in the District of New Mexico, I, the Defendant, JODIE MARTINEZ, an Indian, assaulted Jane Doe, and the assault resulted in serious bodily injury.

Specifically, on or about July 6, 2019, I was driving westbound on NM-53 in Zuni, New Mexico. When I was near milepost 18, I merged into oncoming traffic in the eastbound lane and crashed with a pickup truck that was traveling eastbound on NM-53. I impacted the pickup truck on the right side when the driver of the pickup truck was trying to avoid the crash. As a consequence of the motor vehicle collision, my son was killed and Jane Doe sustained serious bodily injuries. My son was sitting in the back seat of my vehicle and wearing a seatbelt. Jane Doe was the front seat passenger of the pickup truck.

After the motor vehicle collision, emergency medical personnel and police officers responded to the scene. I told officers that I had fallen asleep while driving and

when I woke up, I crashed with the pickup truck. I was transported to the Zuni Hospital for medical examination.

Officers with the Zuni Police Department conducted an inventory search of the vehicles at the scene. Officers found methamphetamine and drug paraphernalia in my vehicle.

I was discharged from the Zuni Hospital on that same day. After I was discharged, I voluntarily spoke with an agent with the Federal Bureau of Investigation ("FBI"). I stated that four days prior to the crash I used methamphetamine. I also told the FBI agent that prior to the crash, I was talking to my mom on my cell phone and when she hung up, my cell phone fell. When I picked the phone up, I looked up, and I was in the eastbound lane. I then crashed with the pickup truck.

After speaking with the FBI agent on July 6, 2019, I was booked in the Zuni Detention Center on tribal charges. A drug test was conducted on July 7, 2019, at the Zuni Detention Center. I tested positive for methamphetamine. Another drug test was conducted on July 8, 2019, and I again tested positive for methamphetamine.

I later learned that as a consequence of my reckless conduct, Jane Doe sustained serious bodily injuries such as a fractured vertebrae, multiple rib fractures, among other bone fractures and injuries.

I am an enrolled member of the Pueblo of Zuni, a federally recognized Indian Tribe. The incident occurred within the exterior boundaries of the Pueblo of Zuni, in the State and District of New Mexico.

10. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

11. The United States and the Defendant recommend as follows:

   a. The Defendant and the United States have made an AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence within the range of 18 to 24 months of imprisonment is the appropriate disposition in this case. This agreement takes into account the Defendant's acceptance of responsibility, with no further reduction to occur. The remaining components of the Defendant's sentence, including but not limited to any fine or restitution and the length and conditions of supervised release, shall be imposed by the Court after the presentation of evidence and/or argument by the parties.

   b. If the Court accepts the plea agreement, it must inform the Defendant that the agreed upon disposition will be included in the judgment, and the Court is bound by the terms of the plea agreement once the Court accepts the plea agreement.

## DEFENDANT'S ADDITIONAL AGREEMENT

12. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

13. Except under circumstances where the Court, acting on its own, rejects this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

14. By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

15. The Defendant recognizes that this plea agreement has already conferred a benefit on the Defendant. Consequently, in return for the benefit conferred on the Defendant by entering into this agreement, the Defendant agrees not to seek a downward departure or variance from the specific sentence within the range of 18 to 24 months of imprisonment as agreed to by the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. If the Defendant, in violation of this paragraph, should nevertheless seek a downward departure or variance, including a departure or variance from the guideline Criminal History Category, the United States shall have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the Court.

## RESTITUTION

16. The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A.

## WAIVER OF APPEAL RIGHTS

17. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement, as well as any order of restitution entered by the Court. The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant

to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

18. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

    a. Following sentencing, the United States will move to dismiss Count 1 of the indictment.

    b. The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment.

19. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

20. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

21. The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any

crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

22. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $100.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

23. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 3rd day of August, 2020.

JOHN C. ANDERSON
United States Attorney

*/s/ Raquel Ruiz-Velez*

RAQUEL RUIZ-VELEZ
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

Case 1:20-cr-00080-KWR Document 27 Filed 08/03/20 Page 11 of 11

I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

MALLORY GAGAN
Attorney for the Defendant

This agreement has been read to me in a language I understand. I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

JODIE MARTINEZ
Defendant