IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No. 20-0080 KWR |
| | ) | |
| vs. | ) | |
| | ) | |
| **JODIE MARTINEZ**, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM

The United States hereby responds to two matters raised by Defendant in her Sentencing Memorandum (Doc. 34).  First, a consideration of USSG § 5K2.23 is not appropriate because the parties have entered into a Rule 11(c)(1)(C) plea agreement.  Second, a special condition of supervision requiring Defendant to complete inpatient substance abuse treatment program is appropriate under the statutory requirements prescribed in 18 U.S.C. § 3583(d).  In support thereof, the United States submits the following:

**1.  USSG § 5K2.23 is not applicable in this case because the parties entered into a Rule 11(c)(1)(C) plea agreement.**

Defendant asserts that the requested term of imprisonment of 18 months would have been a low-end Guideline sentence if "this were a case without a Rule 11(c)(1)(C) plea agreement.". *See* Doc. 34 at 8.  Nonetheless, because the parties entered into a Rule 11(c)(1)(C) Plea Agreement, USSG § 5K2.23 is not applicable and it should not be considered.[1]

---

[1] Although the Presentence Investigation Report ("PSR") recommends a downward departure for Discharged Term of Imprisonment under USSG § 5K2.23, this recommendation is not appropriate because the parties entered into a Rule 11(c)(1)(C) agreement and therefore a downward departure is not applicable in this case.  *See* PSR ¶ 94.

While there might be grounds for a downward departure pursuant to USSG § 5K2.23 if Defendant would not have pleaded guilty pursuant to a Rule 11(c)(1)(C) agreement, the downward departure is not applicable in this case because the parties agreed that "a specific sentence within the range of 18 to 24 months of imprisonment is the appropriate disposition in this case." Doc. 27, ¶11a. If the Court accepts the Rule 11(c)(1)(C) plea agreement, "the Court is bound by the terms of the plea agreement[,]" which includes a provision that states: "The Defendant recognizes that this plea agreement has already conferred a benefit on the Defendant. Consequently, in return for the benefit conferred on the Defendant by entering into this agreement, the Defendant agrees not to seek a downward departure or variance from the specific sentence within the range of 18 to 24 months of imprisonment as agreed to by the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure." Doc. 27, ¶ 15.

The United States recognizes that Defendant is not requesting a downward departure from the agreed upon sentencing range. However, a consideration of USSG § 5K2.23 is not appropriate because the agreed upon sentencing range substantially reduces Defendant's exposure to incarceration. For instance, if Defendant had pleaded guilty to the Indictment without the benefit of a Rule 11(c)(1)(C) agreement, Defendant's guideline range would have been 37 months to 46 months. *See* PSR ¶ 80. Under these circumstances, if the Court had considered the 91 days that Defendant served in tribal court and included it with the guideline range of 37 months to 46 months, Defendant's sentence would have been at the low end of, or slightly below, that guideline range and not at the low end of the range agreed upon by the parties.

The Plea Agreement has conferred a substantial benefit to Defendant considering the factors set forth in 18 U.S.C. § 3553(a). Therefore, a sentence of 24 months of imprisonment is

"sufficient, but not greater than necessary, to comply with [the sentencing goals]."  18 U.S.C. § 3553(a).

      2.      **The special condition of supervision that Defendant must complete inpatient substance abuse treatment is appropriate under the statutory requirements prescribed in 18 U.S.C. § 3583(d).**

Defendant objects to the special condition of supervision recommending inpatient substance abuse treatment program.  *See* Doc. 34 at 8-9.  Defendant asserts that this condition "involves a greater deprivation of her liberty than is reasonably necessary."  *Id.* at 9.  The United States Probation Office concurs with Defendant after taking into consideration three certificates of completion of classes provided on tablets at the McKinley County jail.  Doc. 37 at 1; *see also* Doc. 34 at 1-2.  The United States submits that this condition is appropriate under the statutory requirements set forth in 18 U.S.C. § 3583(d), and it is necessary to achieve the sentencing goals.

The Tenth Circuit has held that "[d]istrict courts have broad discretion to set a condition on supervised release[.]"  *United States v. Hanrahan*, 508 F.3d 962, 970 (10th Cir. 2007).  "A court may impose any condition on supervised release it deems appropriate so long as it is reasonably related to and involves no greater deprivation of liberty than is reasonably necessary given 'the nature and circumstances of the offense and the history and characteristics of the defendant,' the need 'to afford adequate deterrence to criminal conduct,' the need 'to protect the public from further crimes of the defendant,' and the need 'to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.'"  *Id.*  The purpose of supervised release is "to prevent recidivism on the part of the offender" as well as assisting with "the integration of the violator into the community."  *Id.* at 971 (citing U.S.S.G. Ch. 7 Pt. A(4)).

The Court also has "broad discretion to prescribe special conditions of release." *United States v. Mike*, 632 F.3d 686, 692 (10th Cir. 2011). But, the condition "must satisfy the three statutory requirement laid out in 18 U.S.C. § 3583(d)." *Id.* (quotation marks omitted). These requirements are:

> First, [the special condition] must be reasonably related to at least one of following: the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medical, or other correctional needs. Second, [the special condition] must involve no greater deprivation of liberty than is reasonably necessary to achieve the purpose of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation. Third, [the special condition] must be consistent with any pertinent policy statements issued by the Sentencing Commission.

*Mike*, 632 F.3d at 692. When the condition implicates a significant liberty interest, "such as one requiring the defendant to participate in residential treatment," the Tenth Circuit has explained that the condition "must be imposed by the district court and supported by particularized findings that it does not constitute a greater deprivation of liberty than reasonably necessary to accomplish the goals of sentencing" *Id.* at 696. *See, e.g.*, *United States v. Young*, 910 F.3d 665, 675 (2d Cir. 2018)("To mandate inpatient treatment, a district court must make particularized findings that such a course of treatment does not constitute a greater deprivation of liberty than reasonably necessary to accomplish the goals of sentencing.")

Here, the condition that Defendant "must participate in an inpatient substance abuse treatment program" does not constitute a greater deprivation of liberty than is reasonably necessary to accomplish the sentencing goals. Doc. 29-1 at 3. First, the special condition is related to various factors. (1) The nature and circumstances of the offense involved Defendant's use of methamphetamine, and drug paraphernalia and prescription drugs were found in Defendant's vehicle. (2) Defendant's criminal history and characteristics show a history of

substance abuse that started during her childhood and early teenage years. PSR ¶¶ 63-65. Defendant's criminal history includes bringing methamphetamine to the Zuni Detention Center after she was furloughed to attend her son's funeral. *See* PSR ¶ 37. (3) The condition is necessary for deterrence of criminal conduct. Defendant's substance abuse problems have led her to criminal conduct. *See* Doc. 34 at 4. Thus, the special condition will help with deterrence to criminal conduct as well as to protect the public from further crimes of Defendant. (4) The special condition would provide medical and correctional needs to Defendant because there is no information that she has received treatment for her substance abuse problems, except for the 11 days she received treatment at Rehoboth McKinley Christian Health Care Services In-Patient Drug and Alcohol Treatment Program in January 2020. PSR ¶ 65.

Second, the special condition is necessary to achieve the purpose of deterring criminal activity, protecting the public and promoting Defendant's rehabilitation. Defendant's substance abuse problems led her to a path of criminal conduct as reflected by her criminal history. An inpatient treatment program would provide her with the tools to recover and overcome her addiction. It would also deter her from criminal activity. As such, this condition would protect the public from further criminal conduct of Defendant and promote Defendant's rehabilitation.

Third, the special condition is consistent with the purpose of supervised release, which is to prevent recidivism and help the offender with her integration into the community. USSG Ch. 7 Pt.A4. As stated above, this condition will help with Defendant's rehabilitation and ultimately, it would prevent recidivism and promote Defendant's integration into the community.

Because the special condition follows the requirements held by the Tenth Circuit in *Mike*, the United States submits that the special condition is appropriate. Nonetheless, the United States does not oppose Defendant's suggestion that the Court order an evaluation conducted by a

qualified professional to determine whether inpatient treatment is recommended. *See* Doc. 34 at 9.

WHEREFORE, for the foregoing reasons, the United States respectfully requests the Court to sentence Defendant to 24 months of imprisonment, followed by three years of supervised release, and impose the special condition of inpatient treatment program along with the other conditions of supervised release recommended in Doc. 29-1.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed 11/12/2020*
RAQUEL RUIZ-VELEZ
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274
(505) 346-7296 fax

I HEREBY CERTIFY that on the 12th
day of November, 2020 I filed the foregoing
pleading electronically through the CM/ECF
system, which caused counsel of record
to be served by electronic means on this date.
*/s/*
Raquel Ruiz Velez
Assistant U.S. Attorney