IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff** | ) | No. 20-CR-80 KWR |
| vs. | ) | |
| | ) | |
| **JODIE MARTINEZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPLY TO UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

Ms. Martinez, through undersigned counsel, submits the following Reply to the *United States' Response to Defendant's Sentencing Memorandum* [Doc. 39].

As grounds counsel states:

***Term of imprisonment served in Zuni tribal court***

The government objects to the Court considering U.S.S.G. § 5K2.23, which recommends a downward departure in circumstances where a defendant is serving or has served a term of imprisonment in another court for the same charge. As the government acknowledges, Ms. Martinez has not violated the terms of this agreement in her sentencing request, yet takes issue with Ms. Martinez noting the undisputed fact that she has already served 91 days in custody in her request for an eighteen-month sentence.

The government offers no authority for its argument that because Ms. Martinez entered into a Rule 11(c)(1)(C) plea agreement in this case, the Court must disregard the fact that she has already served a term of imprisonment for the conduct charged in this matter. Ms. Martinez submits that this previously served term of imprisonment is appropriate for the Court to consider, even in determining what sentence to impose within the parties' agreed-upon range. Ms.

1

Martinez respectfully renews her request that this Court impose a sentence of eighteen months for the reasons proffered in her Sentencing Memorandum.

***Inpatient treatment as a condition of supervision***

Ms. Martinez objected to the recommended condition of supervision that she complete an inpatient treatment program. The government argues inpatient treatment is appropriate. As the government notes, a condition of inpatient, residential treatment must be "supported by particularized findings that it does not constitute a greater deprivation of liberty than reasonably necessary to accomplish the goals of sentencing." *United States v. Mike*, 632 F.3d 686, 696 (10th Cir. 2011). Ms. Martinez presented evidence to this Court that she is engaged in important rehabilitative work in pretrial detention at the McKinley County jail. The government's claim that she has not received treatment for her substance abuse problem is incorrect. Ms. Martinez agrees that her criminal behavior is linked to substance abuse, and that rehabilitation is an important goal of sentencing, but the requirement of *inpatient* substance abuse treatment involves a greater deprivation of liberty than is necessary in this case.

Ms. Martinez has not used illegal drugs since July of 2019, and has participated in the programming available to her. Furthermore, by way of Addendum, filed November 12, 2020 [Doc. 37], United States Probation concurs with Ms. Martinez and modifies its recommendation to outpatient treatment, noting that Ms. Martinez completed the programs – "Seeking Substance Abuse Treatment," "A Guide Through the 12 Steps of Recovery," and "Understanding Addiction." Additionally, Ms. Martinez submitted twenty additional certificates on November 12, 2020, including "Substance Abuse", completed October 27, 2020, "Cognitive Strategies for Self-Control," dated October 27, 2020, "Chasing the Dragon: The Opioid Epidemic," dated October 31, 2020, "Health Effects of Methamphetamine," dated October 29, 2020, and "Hot

Topics: Addiction," dated October 29, 2020. This additional coursework supports the modified recommendation to outpatient counseling.

WHEREFORE, for the foregoing reasons, and the reasons argued in *Defendant's Sentencing Memorandum* [Doc. 34], Ms. Martinez requests the Court accept the parties' Rule 11(c)(1)(C) Plea Agreement, and impose a sentence of eighteen months.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489

*Electronically filed November 13, 2020*
/s/ Mallory Gagan
Assistant Federal Public Defender
Attorney for Jodie Martinez